# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK BABIASH,

    Plaintiff,

  v.                                                              Case No. 21-CV-1291-SCD

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## DECISION AND ORDER

        Mark Babiash applied for social security disability benefits in 2014. After a favorable decision from the ALJ, which resulted in the plaintiff receiving disability benefits, the Appeals Council vacated that decision when it learned that the plaintiff had engaged in substantial gainful activity since his alleged onset date. After a new hearing, the ALJ denied benefits based on the plaintiff's work activity. The plaintiff filed this appeal. For the reasons given below, the decision of the Commissioner will be affirmed.

## APPLICABLE LEGAL STANDARDS

        "Judicial review of Administration decisions under the Social Security Act is governed by 42 U.S.C. § 405(g)." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010)). Pursuant to sentence four of § 405(g), federal courts have the power to affirm, reverse, or modify the Commissioner's decision, with or without remanding the matter for a rehearing. A reviewing court will reverse the Commissioner's decision "only if the ALJ based the denial of benefits on incorrect legal standards or less than

substantial evidence." *Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020) (citing *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

"Substantial evidence is not a demanding requirement. It means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Martin*, 950 F.3d at 373 (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)). "When reviewing the record, this court may not re-weigh the evidence or substitute its judgment for that of the ALJ." *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004) (citing *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Rather, I must determine whether the ALJ built an "accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (citing *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001)).

## DISCUSSION

The ALJ determined that Babiash was not disabled because he had engaged in substantial gainful activity (SGA) for several months during each year between 2013 and 2018. R. 39. Babiash had argued that some of his annual earnings should be reduced due to some expenses he'd incurred, but the ALJ found instead that the expenses in question (including a traffic ticket) had been incurred while caring for his daughter rather than in addressing his own impairments. The extent of the plaintiff's SGA precluded a finding of disability, and so the ALJ found the plaintiff not disabled. R. 40. Also in the record is an indication that the agency is seeking some $88,000 that it claims it overpaid the plaintiff after his disability claim was initially granted.

In his appeal, the *pro se* plaintiff does not address the issue of substantial gainful activity. In response, the government notes that the plaintiff has therefore forfeited any argument regarding the merits of the Commissioner's denial of benefits. That is correct. Even if he had not forfeited the argument, there are no grounds for this court to disturb the ALJ's calculation of substantial gainful activity. In addition, the ALJ's analysis of the plaintiff's offset argument appears correct. Accordingly, the decision of the Commissioner will be affirmed.

The plaintiff's filings indicate his displeasure with the Commissioner's efforts to reclaim the amounts the agency paid, as well as a suggestion that the agency is retaliating against him for filing this lawsuit. As the government correctly notes, however, these matters are outside the scope of this appeal and therefore outside of this court's jurisdiction. Accordingly, they will not be addressed.

## CONCLUSION

For all the foregoing reasons, I find that the ALJ did not commit reversible error in evaluating the plaintiff's claim for disability benefits. Accordingly, the decision of the Commissioner is affirmed.

**SO ORDERED** this 6th day of March, 2023.

_____
STEPHEN C. DRIES
United States Magistrate Judge